IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LESLIE DAVID HERVEY, III**                                                                      **PLAINTIFF**

**V.**                                                               **CAUSE NO. 3:12-CV-625-CWR-FKB**

**KELTMAN PHARMACEUTICALS, INC.,**                                    **DEFENDANTS**
**ET AL.**

## ORDER

Before the Court are a variety of motions. All are fully briefed and ready for adjudication.

**I.      Motions to Amend [Docket Nos. 283, 287]**

Les Hervey argues that this Court should reconsider its earlier ruling granting the defendants' motions for summary judgment. *See* Docket No. 277. His best argument is that the Court's finding of ratification under *Turner v. Wakefield*, 481 So. 2d 846 (Miss. 1985), does not apply to legal negligence claims.

Perhaps there is something about the attorney-client relationship, as opposed to other relationships of reliance, which counsels against applying *Turner*.[1] Nevertheless, this Court is persuaded that its ruling remains a fair application of Mississippi law to the facts of this case. For sure, Hervey has failed to demonstrate that this Court's ruling was shrouded in manifest error of law or fact. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Hervey has preserved his objection for further review.

The rest of Hervey's arguments were considered the first time around and rejected. To the extent his arguments have changed or have been supplemented, that is not a basis to request reconsideration. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("such a

---

[1] The Court is not making a finding that an attorney-client relationship existed here.

motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

The motions are denied.[2]

## II. Motions for Attorney's Fees [Docket Nos. 278, 280]

Wyatt Waltman and the Keltman entities have moved for their attorney's fees and costs as prevailing parties under the Copyright Act.[3] Waltman seeks approximately $226,000 in attorney's fees and $9,800 in costs. Keltman seeks approximately $228,000 in attorney's fees and $2,700 in costs.

The Copyright Act gives the Court discretion to award "a reasonable attorney's fee" and costs to the prevailing party in Copyright Act litigation. 17 U.S.C. § 505. Assuming without deciding that the Court would exercise its discretion to award a reasonable attorney's fee in this case, there is no doubt that Hervey and Keltman are prevailing parties with respect to defending against Hervey's Copyright claim.

### A. Legal Standard

"As always, the Court uses the lodestar method to calculate an award of fees." *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184, 2014 WL 4402229, at *3 (S.D. Miss. Sept. 5, 2014) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the appropriate hourly billing rate. *Id.* After determining the lodestar, the Court may adjust it to account for a variety of factors, commonly

---

[2] Although the Court has addressed directly the merits of Hervey's motion, it did not have to take that step because, having been filed thirty-three days after the entry of the Order, the motion was not timely filed. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). To the extent Hervey seeks refuge under the more stringent Rule 60(b), he fails there too. *See Hayes v. Jani-King Franchising, Inc.*, No. 3:10-CV-382, 2012 WL 6738241, at *2-3 (S.D. Miss. Dec. 28, 2012).

[3] Waltman's motion for summary judgment on his breach of contract claim – with his attorney's fees and costs constituting his damages – will be taken up later in this Order.

referred to as the *Johnson* factors. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 & n.6 (5th Cir. 1993) (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974)).

"The party seeking reimbursement of attorneys' fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quotation marks, citation, brackets, and ellipses omitted). There must be some evidence produced to show that the amount sought is reasonable and that the hours were reasonably expended. *Id.* at 325. A district court's acceptance of "faulty" billing records has been found an abuse of discretion and clear error. *Id.* at 324.

Where "the record is virtually devoid of any information helpful to a determination of whether or how his hours were spent beneficially on this litigation," the request for fees must be denied. *Id.* at 326; *see Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010) ("The court should exclude all time that is excessive, duplicative, or inadequately documented."); *see also Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 245 (5th Cir. 2011) ("When a party fails to present competent evidence to determine attorney's fees, the award may be denied.") (applying Mississippi law).

Similar evidence is required to show that the requested hourly rates are reasonable. *Kellstrom*, 50 F.3d at 327-28. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). District courts

cannot accept the amount the client has paid the attorney, as "the actual amount paid in fees is not dispositive on the question of reasonable rates." *Kellstrom*, 50 F.3d at 328 (citations omitted).

**B.     Discussion**

In this case, Waltman's lead attorney submitted an affidavit swearing that he and his colleagues litigated this case for the following number of hours, at the following rates:

| Lawyer or Paralegal | Firm | Hours | Rate | Lodestar |
|---|---|---|---|---|
| O. Stephen Montagnet, III | McCraney Montagnet Quin & Noble, PLLC | 596.55 | 300.00 | $178,965.00 |
| W. Thomas McCraney, III | McCraney Montagnet Quin & Noble, PLLC | 83.40 | 300.00 | $25,020.00 |
| William B. Bardwell | McCraney Montagnet Quin & Noble, PLLC | 1.68 | 200.00 | $336.00 |
| Zachary M. Bonner | McCraney Montagnet Quin & Noble, PLLC | 47.30 | 200.00 | $9,460.00 |
| Jodie Kovach | McCraney Montagnet Quin & Noble, PLLC | 8.80 | 90.00 | $792.00 |
| Elise Wilson | McCraney Montagnet Quin & Noble, PLLC | 3.70 | 90.00 | $333.00 |
| Christy Holt | McCraney Montagnet Quin & Noble, PLLC | 1.10 | 90.00 | $99.00 |
| Lorna Richardson | McCraney Montagnet Quin & Noble, PLLC | 131.20 | 90.00 | $11,808.00 |

He also testified that these rates are below market for the Jackson, Mississippi area. Keltman's lead attorney made a similar evidentiary showing on behalf of his firm.[4]

Once again assuming for present purposes the movants' entitlement to reasonable attorney's fees under the Copyright Act, this evidence is insufficient to calculate the lodestar.

Without billing records, the Court cannot discern that all of these hours were reasonably expended on this case. Some of these hours may be excessive, duplicative, or inadequately documented in those records. Any award of fees based on this evidence would be conclusory and likely constitute an abuse of discretion.

---

[4] Waltman and Keltman's hours do not include time spent defending against Hervey's meandering and prolix post-ruling motions. The Court expects that time to be substantial.

The same conclusion must be drawn as to the requested hourly rates. The Supreme Court's language in *Blum* indicates that a successful fee petition will include evidence from other attorneys in the community attesting to the reasonableness of the movant's requested rates. 465 U.S. at 895 n.11; *e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) ("Appellants submitted affidavits of their attorneys' customary billing rates, as well as affidavits from other attorneys in the community showing the prevailing market rates in the locality to be $150 to $200 for attorneys with more than ten years' experience, and $100 to $150 for those with four to ten years' experience."). There is no such evidence here. Without it, the Court cannot say that these rates are reasonable or that they are below market in the Jackson area.

The denial of reasonable attorney's fees does not preclude an award of costs of court. *E.g.*, *Jordan v. Sony BMG Music Entm't, Inc.*, No. H-06-1673, 2009 WL 1578237, at *3 (S.D. Tex. June 4, 2009) (awarding $0 in attorney's fees and $6,540.25 in costs). In fact, the prevailing party is presumptively entitled to its costs. *See* Fed. R. Civ. P. 54(d) (". . . costs. . . should be allowed to the prevailing party."). When costs are awarded, however, the prevailing party has filed a bill of costs with the Court and supported it with other appropriate documentation. *Jordan*, 2009 WL 1578237, at *3. Waltman and Keltman have done neither of those things. The Court cannot award costs on this record.

The motions for attorney's fees are denied.

**III.    Motion for Partial Summary Judgment [Docket No. 310]**

Hervey then seeks a legal declaration "that all rights to and interest in the NetMeds software are fully vested in him and [are] not the property of any other, including defendants." Docket No. 1, at 17. Waltman responds that the claim is either moot or improper because the copyright registration was not completed until 2014, two years after this suit was filed.

5

In their 2011 contract, the parties agreed that Hervey owns NetMeds subject to the defendants' irrevocable license. The Court thought that fact undisputed when it ruled on the defendants' motions several months ago. *See* Docket No. 277, at 2.

To the extent there is continuing doubt based on the status of the copyright registration, the Fifth Circuit has held that "defects resulting from lack of registration are cured when the registration is filed, even if after suit is filed." *One Treasure Ltd., Inc. v. Richardson*, 202 F. App'x 658, 661 (5th Cir. 2006) (citation omitted). With registration apparently now complete, it is appropriate to declare that Hervey owns NetMeds, again subject to the defendants' irrevocable license.

The motion for partial summary judgment is granted.

## IV.   Motion for Summary Judgment [Docket No. 278]

Finally, Waltman has moved for summary judgment on his breach of contract claim.

In the contract Waltman attached to his motion – the parties' 2005 agreement – Hervey said he would indemnify Keltman and its agents, including Waltman, for reasonable attorney's fees Keltman and its agents would incur defending claims made against them. Docket No. 278-1, at 5-6. A separate part of that contract says that in the event of legal proceedings, "the substantially prevailing party will be entitled to recover all its reasonable costs, including without limitation, expenses and attorney fees, including those costs, expenses, and attorney fees associated with appeal." *Id*. at 7.

It is not clear that those terms govern this claim. Although the 2005 agreement says that its indemnification provisions survive its termination, the parties' 2008 and 2011 agreements state that they supersede all prior agreements. *Compare id.* at 6, *with* Docket No. 189-3, at 5 *and* Docket No. 189-6, at 5. An examination of the superseding 2011 contract, moreover, is

inconclusive on whether the facts support Waltman's indemnification claim; at least during this summary judgment stage, Waltman has not established Hervey's "negligent provision of the Services and/or willful misconduct." Docket No. 189-6, at 2. One thing that is clear is that the indemnity language is different in the 2005 agreement from what is reflected in the later agreements.

Even assuming that the 2005 agreement does apply to this motion, however, summary judgment must be denied. As explained above, Waltman has not shown the reasonableness of the attorney's fees and costs he seeks. His breach of contract claim will have to be resolved at trial.

The motion for summary judgment is denied. The Court will schedule a phone call to discuss trial dates and set appropriate deadlines.

**SO ORDERED**, this the 6th day of August, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
